# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

601 Lexington Avenue
New York, NY 10022
United States

Devora W. Allon, P.C.
To Call Writer Directly:
+1 212 446 5967
devora.allon@kirkland.com

+1 212 446 4800

www.kirkland.com

Facsimile:
+1 212 446 4900

February 23, 2023

**Via ECF**

Patricia S. Dodszuweit, Clerk of Court
U.S. Court of Appeals, Third Circuit
21400 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

Re:   *In re Niaspan Antitrust Litig.*, Case No. 21-2895

Dear Ms. Dodszuweit:

Appellees submit this Rule 28(j) letter in response to Appellants' letter dated February 21, 2023 (ECF No. 99). Contrary to Appellants' assertions, *Kelly v. RealPage, Inc.*, 47 F.4th 202 (3d Cir. 2022), supports the district court's conclusion here that Appellants failed to meet the ascertainability standard.

In *RealPage*, this Court considered a district court's incorrect application of "a *per se* rule that a review of each individual file is . . . not administratively feasible." *Id.* at 223. The Court reversed the district court's error but expressly reaffirmed that "putative classes are not ascertainable where . . . [the] records do not contain the information needed to ascertain the class . . . leading to the 'mini-trials' that we disapproved of in *Marcus*." *Id.* at 223-24.

This Court found that such concerns were not present on the facts of *RealPage*. In *RealPage*, the putative class consisted of consumers who received rental reports with public record information. *Id.* at 208. This Court held that a review of defendant's individual records would not require a mini-trial because "a review of the face of each file would . . . answer the binary question of whether the file contains public records." *Id.* at 224 & n.21. And "[s]o long as the review is for information apparent on the face of the document, the number of files does not preclude ascertainability." *Id.* at 225.

Here, the district court did not apply any *per se* rule, as Appellants incorrectly suggest. *See* ECF No. 99, at 2. Rather, the district court made factual findings that class members cannot be ascertained using PBM records because, unlike the rental reports in *RealPage*, the PBM records here do not reveal which entity is a class member, either on their face or by "name matching."

# KIRKLAND & ELLIS LLP

Patricia S. Dodszuweit
February 23, 2023
Page 2

ECF No. 60 at 27-35; ECF No. 40, A-86, 87. Nor can affidavits reliably verify whether an entity is a class member. ECF No. 60 at 37-45. In such situations, where the "records do not contain the information needed to ascertain the class," the ascertainability requirement precludes class certification. *RealPage*, 47 F.4th at 223-24.

Sincerely,

*/s/ Devora W. Allon, P.C.*

Devora W. Allon, P.C.

*Counsel for Appellees Barr Pharmaceuticals LLC, Duramed Pharmaceuticals Sales Corp., Teva Pharmaceutical Industries Ltd., Teva Pharmaceuticals USA, Inc., and Teva Womens Health Inc., f/k/a/ Duramed Pharmaceuticals Inc.*