No. 21-2895

---

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT

_____

## IN RE: NIASPAN ANTITRUST LITIGATION

_____

IN RE: NIASPAN ANTITRUST LITIGATION A.G.C. BUILDING TRADES
WELFARE PLAN; CITY OF PROVIDENCE, RHODE ISLAND;
ELECTRICAL WORKERS 242 AND 294 HEALTH & WELFARE FUND;
INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 49
HEALTH AND WELFARE FUND; INTERNATIONAL UNION OF
OPERATING ENGINEERS LOCAL 132 HEALTH AND WELFARE FUND;
NEW ENGLAND ELECTRICAL WORKERS BENEFITS FUND; PAINTERS
DISTRICT COUNCIL NO. 30 HEALTH & WELFARE FUND; UNITED FOOD
& COMMERCIAL WORKERS LOCAL 1776 & PARTICIPATING
EMPLOYERS HEALTH AND WELFARE FUND; MILES WALLIS;
CAROL PRASSE,

*Appellants.*

_____

On Appeal from the United States District Court for the Eastern
District of Pennsylvania (Dubois, D.J.; D. Ct. Case No. 13-md-2460)

_____

## BRIEF FOR THE COMMITTEE TO SUPPORT THE ANTITRUST
## LAWS AS *AMICUS CURIAE* IN SUPPORT OF PETITION FOR
## REHEARING OR REHEARING EN BANC

_____

MATTHEW J. PEREZ
*Counsel of Record*
DICELLO LEVITT LLC
485 LEXINGTON AVE., 10TH FLOOR
NEW YORK, NEW YORK 10017
(646) 933-1000 TELEPHONE
MPEREZ@DICELLOLEVITT.COM

GARY I. SMITH JR.
HAUSFELD LLP
325 CHESTNUT ST., SUITE 900
PHILADELPHIA, PA 19106
(215) 985-3270 TELEPHONE

May 15, 2023

*Attorneys for Amicus Curiae the Committee to Support the Antitrust Laws*

# TABLE OF CONTENTS

INTEREST OF AMICUS ............................................................1

REASONS FOR GRANTING EN BANC REVIEW..................................1

I.       A FREESTANDING ADMINISTRATIVE FEASIBILITY REQUIREMENT IS INCONSISTENT WITH RULE 23 .........................2

II.       A PREDOMINATE NUMBER OF CIRCUITS REJECT A FREESTANDING ADMINISTRATIVELY FEASIBILITY REQUIREMENT ........................................................................6

CONCLUSION ....................................................................14

# TABLE OF AUTHORITIES

## Cases

*Amchem Products Inc. v. Windsor*,
  521 U.S. 591 (1997) ........................................................................ 3, 4

*Briseno v. ConAgra Foods, Inc.*,
  884 F.3d 1121 (9th Cir 2017) ...................................................... *passim*

*Carrera v. Bayer Corp.*,
  2014 WL 3887938 (3d Cir. May 2, 2014) ...................................... 6, 8, 9

*Cherry v. Dometic Corp.*,
  986 F.3d 1296 (11th Cir. 2021) ...................................................... 5, 11

*City Select Auto Sales Inc. v. BMW Bank of N. Am. Inc.*,
  867 F.3d 434 (3d Cir. 2017) ............................................................ 5, 6

*EQT Production Co. v. Adair*,
  764 F.3d 347 (4th Cir. 2014) ...................................................... 11, 12

*In re Initial Public Offerings Securities Litigation*,
  471 F.3d 24 (2d Cir. 2006) ................................................................. 7

*John v. National Security Fire and Casualty Co.*,
  501 F.3d 443 (5th Cir. 2007) ...................................................... 12, 13

*Marcus v. BMW of North America, LLC*,
  687 F.3d 583, (3d Cir. 2012) .............................................................. 2

*Mullins v. Direct Digital, LLC*,
  795 F.3d 654 (7th Cir. 2015) ...................................................... *passim*

*In re Nexium Antitrust Litigation*,
  777 F.3d 9 (1st Cir. 2015) .......................................................... 11, 12

*Ortiz v. Fibreboard Corp.*,
  527 U.S. 815 (1999) ........................................................................... 4

*In re Petrobras Secs. Litig.*,
  862 F.3d 250 (2d Cir. 2017) ...................................................... 4, 7, 8, 9

*Reiter v. Sonotone Corp.*,
442 U.S. 330 (1979) ................................................................... 13, 14

*Rikos v. Procter & Gamble Co.*,
799 F.3d 497 (6th Cir. 2015) ................................................................... 8

*Sandusky Wellness Ctr., LLC v. Medtox Scientific, Inc.*,
821 F.3d 992 (8th Cir. 2016) ........................................................... 5, 10

*Seeligson v. Devon Energy Production Co., L.P.*,
761 F. App'x 329 (5th Cir. 2019) ....................................................... 13

*Young v. Nationwide Mutual Insurance Co.*,
693 F.3d 532 (6th Cir. 2012) ................................................................... 8

## Other Authorities

Federal Rule of Civil Procedure 23 ................................................. *passim*

Rhonda Wasserman, *Ascertainability: Prose, Policy, and
Process*, 50 Conn. L. Rev. 695, 704 (2018) ........................................... 3

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1, the Committee to Support the Antitrust Laws states that it is a nonprofit corporation, and no entity has any ownership interest in it.

## INTEREST OF AMICUS[1]

The Committee to Support the Antitrust Laws (COSAL) is an independent, nonprofit corporation devoted to preventing, remediating, and deterring anticompetitive conduct since its founding in 1986. *See* COSAL, https://www.cosal.org/about. COSAL advocates for the enactment, preservation, and enforcement of a strong body of antitrust laws, which it accomplishes through legislative efforts, public policy debates, and by serving as *amicus curiae*.

COSAL has an interest in the outcome of this appeal because the Third Circuit's heightened ascertainability requirement—a requirement unique to this Circuit—unfairly disadvantages indirect purchaser antitrust class actions in a way not contemplated by Rule 23 or antitrust policy.

## REASONS FOR GRANTING EN BANC REVIEW

The Panel's decision affirming denial of class certification rests on two flawed legal conclusions. First, the Panel stated that the Third

---

[1] No counsel for any party has authored this brief in whole or in part, and no party, party's counsel, or any other person or entity—other than COSAL—has contributed money to fund its preparation or submission.

Circuit's standalone administrative feasibility requirement to ascertainability is "true to the text, structure, and purpose of Rule 23." Op. 30. Second, the Panel viewed its approach as consistent with those of its sister circuits because "[s]everal of our sister circuits have followed our lead and apply our ascertainability standard, or a standard that is substantively the same." *Id.* at 30-31. Neither contention is correct.

## I.   A FREESTANDING ADMINISTRATIVE FEASIBILITY REQUIREMENT IS INCONSISTENT WITH RULE 23

In *Marcus v. BMW of North America, LLC*, the Third Circuit adopted a freestanding administrative feasibility requirement that plaintiffs must satisfy as part of their burden to show that their proposed class is ascertainable. 687 F.3d 583, 593 (3d Cir. 2012). Yet, as the Panel itself recognized, its administrative feasibility requirement is a judicial gloss on the text of Rule 23. Op. 30.

The imposition of a standalone administrative feasibility requirement contravenes traditional canons of statutory construction. Rule 23(a) contains a closed list of criteria for a class: numerosity, commonality of issues, typicality of claims, and adequacy of representation. Ascertainability—let alone administrative feasibility—is never mentioned. Courts and commentators agree. *See, e.g., Briseno v.*

2

*ConAgra Foods, Inc.*, 884 F.3d 1121, 1125 (9th Cir 2017) (Rule 23(a) "identifies the prerequisites to maintaining a class action in federal court. It does not mention 'administrative feasibility.' Traditional cannons of statutory construction suggest that this omission was meaningful."); Rhonda Wasserman, *Ascertainability: Prose, Policy, and Process*, 50 Conn. L. Rev. 695, 704 (2018) ("the express inclusion of these particular prerequisites in Rule 23(a) implies an intentional exclusion of other (unlisted) prerequisites, such as ascertainability.").

Further underscoring the exhaustive nature of Rule 23(a)'s requirements is Rule 23(b)(3)'s language, which is more open-ended. *See* Fed. R. Civ. P. 23(b)(3) ("The matters pertinent to these findings include" followed by a list of four factors); *Briseno*, 844 F.3d at 1126. As the Ninth Circuit observed, if the "Rules Advisory Committee had intended to create a non-exhaustive list in Rule 23(a), it would have used similar language." *id. See also* Wasserman, *supra* at 704.

On this point, the Supreme Court's decision in *Amchem Products Inc. v. Windsor*, 521 U.S. 591 (1997), is instructive. There, in holding that lower courts could not ignore Rule 23's requirements when considering the certification of a settlement class, the Court instructed that because

the Federal Rules of Civil Procedure were the product of "an extensive deliberative process," lower "[c]ourts are not free to amend a rule outside the process Congress ordered." *Id.* at 620. As the Ninth Circuit explained, "The lesson of *Amchem Products* is plain: 'Federal courts . . . lack authority to substitute for Rule 23's certification criteria a standard never adopted.'" *Briseno*, 844 F.3d at 1126 (quoting *Amchem Prods.*, 521 U.S. at 622); *see also Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 845 (1999) (The Rules Enabling Act counsels against "adventurous application" of Rule 23).

Moreover, a freestanding administrative feasibility requirement cannot be squared with Rule 23(b)(3). While Rule 23(b)(3) does not contain an exhaustive list of criteria, a freestanding administrative feasibility requirement would render Rule 23(b)(3) superfluous by "skewing the balance that district courts must strike when deciding whether to certify classes." *Mullins v. Direct Digital, LLC*, 795 F.3d 654, 658 (7th Cir. 2015); *see also In re Petrobras Secs. Litig.*, 862 F.3d 250, 268 (2d Cir. 2017) ("We conclude that an implied administrative feasibility requirement would be inconsistent with the careful balance struck in Rule 23, which directs courts to weigh the competing interests inherent

4

in any class certification decision."); *Cherry v. Dometic Corp.*, 986 F.3d 1296, 1304 (11th Cir. 2021) ("[B]ecause Rule 23(b)(3) requires a balancing test, it does not permit district courts to make administrative feasibility a requirement."). Under Rule 23(b)(3), district courts must consider whether maintaining a "class action is superior to other available methods for fairly and efficiently adjudicating the controversy"—an analysis that considers "the likely difficulties in managing a class action." Fed. R. Civ. P. 23(b)(3).

"Imposing a stringent version of ascertainability because of concerns about administrative inconvenience renders the manageability criterion of the superiority requirement superfluous." *Mullins*, 795 F.3d at 663; *see also, e.g., Briseno*, 844 F.3d at 1126 ("a separate administrative feasibility requirement would render that manageability criterion largely superfluous, a result that contravenes the familiar precept that a rule should be interpreted to 'give[] effect to every clause'") (internal citation omitted); *Sandusky Wellness Ctr., LLC v. Medtox Scientific, Inc.*, 821 F.3d 992, 996 (8th Cir. 2016) (declining to recognize a "separate, preliminary" requirement and, instead, "adher[ing] to a rigorous analysis of the Rule 23 requirements"); *City Select Auto Sales*

5

*Inc. v. BMW Bank of N. Am. Inc.,* 867 F.3d 434, 447 (3d Cir. 2017)
(Rendell, J., concurring) ("imposing a separate manageability
requirement within ascertainability 'renders the manageability criterion
of the superiority requirement superfluous'"). Judge Ambro also observed
that the Third Circuit's administrative feasibility rule was particularly
"rigid" and thus failed to embody the flexibility embodied by Rule 23:
"Rule 23's implied requirement of ascertainability is judicially created.
Because it is a creature of common law, I believe that we should be
flexible with its application, especially in instances where the defendant's
actions cause the difficulty." *Carrera v. Bayer Corp.*, No. 12-2621, 2014
WL 3887938, at *3 (3d Cir. May 2, 2014) (Ambro, J., dissenting).

Thus, contrary to the Panel's conclusion, a freestanding
administrative feasibility requirement is inconsistent with Rule 23's
"text, structure, and purpose." Op. 30.

## II.  A PREDOMINATE NUMBER OF CIRCUITS REJECT A FREESTANDING ADMINISTRATIVELY FEASIBILITY REQUIREMENT

Third Circuit is an outlier with respect to ascertainability. The
Panel stated that "[s]everal of our sister circuits have followed our lead
and apply our ascertainability standard, or a standard that is

6

substantively the same." Op. 30-31. It also suggested the Second, Sixth, Seventh, Eighth, Ninth, and Eleventh Circuits have implicitly adopted the Third Circuit's heighted ascertainability requirement "albeit under a different name." *Id.* at 32. But these circuits' controlling cases show that they have, in fact, *rejected* any heightened ascertainability requirement.

The Second Circuit has held that "a freestanding administrative feasibility requirement is neither compelled by precedent nor consistent with Rule 23, joining four of our sister circuits in declining to adopt such a requirement." *Petrobras*, 862 F.3d at 264 (citing cases from the Sixth, Seventh, Eighth, and Ninth Circuits). It further held that "[t]he ascertainability doctrine that governs in this Circuit requires only that a class be defined using objective criteria that establish a membership with definite boundaries." *Id.*

The Panel ignored this 2017 decision, instead citing to the nearly 20-year-old decision *In re Initial Public Offerings Securities Litigation*, 471 F.3d 24 (2d Cir. 2006), to support its conclusion that the Second Circuit followed the Third Circuit's approach. But *Petrobras* made clear the Second Circuit's views: "With all due respect to our colleagues on the Third Circuit, we decline to adopt a heightened ascertainability theory

7

that requires a showing of administrative feasibility at the class certification stage." *Id.* at 265.

In *Rikos v. Procter & Gamble Co.,* the Sixth Circuit held that ascertainability merely required that the class be "sufficiently defined" by "objective criteria." 799 F.3d 497, 525 (6th Cir. 2015). Moreover, the Sixth Circuit expressly rejected the Third Circuit's ascertainability standard stating, "We see no reason to follow *Carrera*, particularly given the strong criticism it has attracted from other courts." *Id.* (collecting authorities). While the Panel acknowledged this explicit rejection (Op. 32 n.10), it nonetheless attempted to harmonize the Sixth Circuit's views with its own by citing to an earlier decision—*Young v. Nationwide Mutual Insurance Co.*, 693 F.3d 532 (6th Cir. 2012)—which the Panel claims adopted an administratively feasible standard. It did not. As the *Rikos* Court explained:

> On appeal [the *Young* defendants] argued "that the class definition [was] not administratively feasible" because the plaintiffs' class description was not "sufficiently definite so that it [would be] administratively feasible for the court to determine whether a particular individual is a member."

> We rejected this argument. We noted that "[f]or a class to be sufficiently defined, the court must be able to resolve the question of whether class members are included or excluded from the class by reference to objective criteria."

799 F.3d at 525 (quoting *Young*, 693 F.3d at 538).

In *Mullins,* the Seventh Circuit held that it adheres to the traditional view that an ascertainable class is "defined clearly and based on objective criteria." 795 F.3d at 659. The Seventh Circuit "declined" to adopt the Third Circuit's ascertainability standard, holding that "*Carrera* . . . goes much further than the established meaning of ascertainability and in our view misreads Rule 23." *Id.* at 662. The Court continued:

> In general, we think imposing this stringent version of ascertainability does not further any interest of Rule 23 that is not already adequately protected by the Rule's explicit requirements. On the other side of the balance, the costs of imposing the requirement are substantial. The stringent version of ascertainability effectively bars low-value consumer class actions, at least where plaintiffs do not have documentary proof of purchases, and sometimes even when they do.

*Id.*

Yet, apparently the Panel relied on the *Mullins* Court*'s* reflection that administrative feasibility should be considered in connection with Rule 23(b)(3) to suggest that the Seventh Circuit adopted the Third Circuit's approach. Op. 32-33 & n.10. But Rule 23(b)(3) is a *comparative* analysis that requires a court to balance the various considerations in determining whether a class action is superior to other forms of litigation. It is not an inflexible mandate like the Panel's heightened administrative

feasibility requirement. *See Petrobras*, 862 F.3d at 268 (while "ascertainability is an absolute standard, manageability is a component of the superiority analysis, which is explicitly comparative in nature.").

In *Sandusky,* the Eighth Circuit held that ascertainability is met when the class is defined by objective criteria. 821 F.3d at 998. Nonetheless, the Panel relied on the *Sandusky* Court's statement that the Eighth Circuit adheres "to a rigorous analysis of Rule 23 requirements, which includes that a class must be adequately defined and clearly ascertainable" to support its belief that the Eighth Circuit's standard is commensurate with the Third Circuit's. Op. 32-33 & n.10. But the Panel reads too much into this statement. The Eighth Circuit made clear that ascertainability simply requires defining a class with objective parameters. *Sandusky*, 821 F.3d at 997-98 (even though the subscriber to the fax number may not be the fax recipient, "fax logs showing the numbers that received each fax are objective criteria that make the recipient clearly ascertainable"). It required nothing more.

In *Briseno*, the Ninth Circuit held that "the language of Rule 23 does not impose a freestanding administrative feasibility prerequisite to class certification." 844 F.3d at 1126. The Ninth Circuit stated:

10

> [T]he language of Rule 23 neither provides nor implies that demonstrating an administratively feasible way to identify class members is a prerequisite to class certification, and the policy concerns that have motivated the Third Circuit to adopt a separately articulated requirement are already addressed by the Rule. We therefore join the Sixth, Seventh, and Eighth Circuits in declining to adopt an administrative feasibility requirement.

*Id.* at 1133. As with *Mullins*, the Panel incorrectly viewed the Ninth Circuit's treatment of administrative feasibility in the context of Rule 23(b)(3) as tantamount to adopting the Third Circuit's freestanding administrative feasibility requirement.

Finally, in *Cherry,* the Eleventh Circuit held that "[p]roof of administrative feasibility cannot be a precondition for certification." 986 F.3d at 1302. Rather than adopting the Third Circuit's standard, the Eleventh Circuit applied a textualist approach to Rule 23 and held that "[a]dministrative feasibility is not an inherent aspect of ascertainability." *Id.* at 1303. Again, that *Cherry* viewed administrative feasibility in the context of Rule 23(b)(3) manageability, *id.* at 1304, is not the same as creating a freestanding administrative feasibility requirement.

Even the other circuit decisions that the Panel cites as supporting the Third Circuit's approach—*EQT Production Co. v. Adair*, 764 F.3d 347 (4th Cir. 2014), *In re Nexium Antitrust Litigation*, 777 F.3d 9 (1st Cir.

2015), and *John v. National Security Fire and Casualty Co.*, 501 F.3d 443 (5th Cir. 2007)—are ambiguous at best.

In *EQT*, the Fourth Circuit vacated certification of a class of landowners who alleged they were shortchanged on natural gas royalties, finding the "numerous heirship, intestacy, and title-defect issues plague many of the potential class members' claims to the gas estate" and thus, "pose[d] a significant administrative barrier to ascertaining the ownership classes." 764 F.3d at 359. However, the court did not elaborate on what, if any, parameters guided the administratively feasibility inquiry and left it to the district court to consider "the administrative challenges it will face" and "assess whether any trial management tools are available to ease this process." *Id.* at 360.

In *Nexium*, the First Circuit referred to the Third Circuit's administrative feasibility requirement but appears to have done so not as a threshold to ascertainability but as part of the court's Rule 23(b)(3) analysis. *See* 777 F.3d at 18-20 (observing that defendants challenge was limited to Rule 23(b)(3)). Thus, rather than adopting the Third Circuit's rigid approach to ascertainability, the First Circuit has aligned itself with other circuits in calling for a flexible inquiry.

12

And in *John*, the Fifth Circuit affirmed the "dismissal of a class allegation" where plaintiffs did not challenge the district court's ruling that the class was not defined by objective criteria. 507 F.3d at 445. Insofar as *John* can be read to adopt a heightened ascertainability requirement, a recent unpublished Fifth Circuit decision explicitly rejected a defendant's reliance on Third Circuit ascertainability precedent because "this court has not adopted that heightened standard." *Seeligson v. Devon Energy Production Co., L.P.*, 761 F. App'x 329, 334 & n.22 (5th Cir. 2019).

****

The Panel's application of administrative feasibility effectively placed a thumb on the scale against a class where the alleged harm was widespread, as is often true in antitrust violations. Op. 44-45 n.13 (the district court "reasonably concluded" that given the "millions of transactions at issue in this case" plaintiffs' methodology was administratively infeasible). This is inconsistent with Rule 23's intent and antitrust policy. *Mullins*, 795 F.3d at 662 ("[T]he costs of imposing the requirement are substantial. The stringent version of ascertainability effectively bars low-value consumer class actions."); *Reiter v. Sonotone*

13

*Corp.*, 442 U.S. 330, 344 (1979) (private actions play a key role in "enforcing the antitrust laws and deterring violations"). Accordingly, *en banc* review is warranted.

## CONCLUSION

The Third Circuit should join its sister circuits and abandon its freestanding administrative feasibility requirement. Accordingly, the Court should grant Plaintiffs' petition.

Dated: May 15, 2023                    Respectfully submitted,

/S/ MATTHEW J. PEREZ
MATTHEW J. PEREZ
*Counsel of Record*
DICELLO LEVITT LLC
485 LEXINGTON AVENUE
NEW YORK, NY 10017
(646) 933-1000 TELEPHONE
mperez@dicellolevitt.com

GARY I. SMITH, JR.
HAUSFELD LLP
325 CHESTNUT ST., SUITE 900
PHILADELPHIA PA 19106
(215) 985-3270 TELEPHONE
gsmith@hausfeld.com

*Attorneys for Amicus Curiae the Committee to Support the Antitrust Laws*

# <u>COMBINED CERTIFICATE OF COMPLIANCE</u>

I, Matthew J. Perez, hereby certify that:

1. My name appears on this brief, and I am a member of the bar of this Court.  *See* L.A.R 46.1.

2. The foregoing brief is in 14-point Century Schoolbook proportional font and contains 2,592 words, excluding the parts exempted by Fed. R. App. P. 32(f), the typestyle requirements of Fed. R. App. P. 32(a)(6), and the type-volume of Fed. R. App. P. 29(b)(4).

3. As permitted by Fed. R. App. P. 32(g)(1), the undersigned has relied upon the word count feature of this word processing system in preparing this certificate.

4. On May 15, 2023, I served the foregoing brief upon all counsel of record by filing a copy of the document with the Clerk through the Court's electronic docketing system.

5. This file was scanned with Webroot Endpoint Protection CE 23.3, and no virus was detected.

*/s/ Matthew J. Perez*
Matthew J. Perez
